**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRYSTAL L. GUMBY,** | : | |
| | : | **Civil Action No. 1:05-CV-1644** |
| **Plaintiff** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **JOHN E. POTTER,** | : | |
| **Postmaster General,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM AND ORDER**

In this action, Plaintiff has sued the United States Postmaster General, alleging that her

supervisor retaliated against her after Plaintiff filed an EEO complaint.[1]  Plaintiff seeks $10,000 in

damages and an injunction preventing her present supervisor from continuing to act in such capacity.

Plaintiff has moved for leave to proceed in forma pauperis and has asked the Court to appoint her

counsel.  For the reasons set forth below, both requests will be denied.

**I.      DISCUSSION**

    **A.      In Forma Pauperis**

Section 1915(a)(1) provides that a court may, in its discretion, authorize a person to commence

and prosecute a civil action without payment of fees if the party submits an affidavit containing a

statement of the party's assets and demonstrating that the party is unable to pay required fees.  Plaintiff

attests that she is employed by the United States Postal Service and earns in excess of $3,750 per

---

[1]      Specifically, Plaintiff alleges that her supervisor's refusal to allow her two hours of
administrative leave six months after Plaintiff filed an EEO complaint constituted retaliation.  Notably,
Plaintiff was subsequently awarded two hours of administrative leave after she grieved the original
denial to the union.

month.  Additionally, Plaintiff attests that she has $25 in a savings account and an unspecified amount of

money in a Thrift Savings Account, as well as an automobile and other personalty valued at

approximately $12,500.

Given Plaintiff's representation that she earns more than $3750 per month, the Court does not

find that Plaintiff is without sufficient resources to finance this relatively straightforward civil rights

litigation.  Accordingly, Plaintiff's request for in forma pauperis status will be denied.  Plaintiff will be

required immediately to remit the required filing fee of $250 to the Clerk of Court.  Thereafter, Plaintiff

shall take all steps necessary to obtain a summons from the Clerk of Courts and to see to it that

Defendant is served in accordance with the procedures set forth in the Federal Rules of Civil

Procedure.

### B.        Appointment of Counsel

There is neither a constitutional nor a statutory right to counsel for civil litigants.  Parham v.

Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).

Despite the lack of a constitutional or statutory right to appointed counsel in a civil case, 28 U.S.C. §

1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to

employ counsel."  A district court's appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is

discretionary and must be made on a case-by-case basis.  See Tabron, 6 F.3d at 157-58.

In Tabron, the United States Court of Appeals for the Third Circuit first outlined with specificity

the applicable standards to be considered by courts upon an application to appoint counsel pursuant to

28 U.S.C. § 1915(e)(1).  See 6 F.3d at 155-57.  In Parham, the Third Circuit enumerated the

following guidelines for appointing counsel pursuant to 28 U.S.C. § 1915:

As a preliminary matter, the plaintiff's claim must have some merit in fact

and law.  If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:

>    (1)    the plaintiff's ability to present his or her own case;
>
>    (2)    the complexity of the legal issues;
>
>    (3)    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
>    (4)    the amount a case is likely to turn on credibility determinations;
>
>    (5)    whether the case will require the testimony of expert witnesses;
>
>    (6)    whether the plaintiff can attain and afford counsel on his own behalf.

This list of factors is not exhaustive, but instead should serve as a guidepost for the district courts.  Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n.5).

Given the paucity of factual allegations contained in the complaint, the Court is challenged to determine whether the complaint has any merit.  Assuming for purposes of this opinion that Plaintiff's claim of retaliation is colorable, the Court turns to the remaining Tabron/Parham factors.  It is not clear the extent to which Plaintiff possesses the ability to present her case, but she has succeeded in submitting a comprehensive and detailed record of her administrative proceedings relating to her retaliation claim, and has clearly identified the relevant statute and cause of action applicable to this case.  The legal issues presented are not complex, and the facts would appear to be straightforward and limited in scope.  The Court acknowledges that the case may rest in part on credibility determination, but it is not yet clear to what extent.  Given the factual allegations and the limited damages claimed, the Court does not find it likely that expert testimony will be required in this action.

Finally, the Court does not find that Plaintiff is financially unable to secure counsel to represent her in this case, particularly where cases of this nature are frequently handled by plaintiffs' attorneys on a contingency basis.[2]  Upon consideration of these factors, the Court finds that appointment of counsel is unwarranted in this action.  An appropriate order follows.

II.      **ORDER**

Accordingly, for the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

1.      Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is **DENIED**.

2.      Plaintiff's motion for appointment of counsel (Doc. No. 3) is **DENIED**.

3.      Within ten (10) calendar days from the date of this Order, Plaintiff shall remit the required filing fee in the amount of $250 payable to "Clerk, U.S. District Court."

4.      Failure to comply with the terms of this Order may result in the complaint being dismissed without further notice.


                                                     S/ Yvette Kane
                                                  Yvette Kane
                                                  United States District Judge

Dated:  August 30, 2005

_____

[2]        Plaintiff has not indicated whether she has attempted to engage counsel in this action.